# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BARBARA ANDERSON and SCOTT ANDERSON,** Plaintiffs, v. **MICHELLE ROSE BLAKE and BRANDON M. BENNETT,** Defendants. | Civil Action 7:11-CV-42 (HL) |

## ORDER

This case is before the Court on Plaintiffs' Motion to Amend Complaint (Doc. 46) and Defendant Bennett's Motion for Summary Judgment (Doc. 44).

### I.  Motion to Amend

Plaintiffs have moved the Court to allow them to amend their complaint to add a respondeat superior/agency count alleging that Defendant Bennett is vicariously liable for the negligence and negligence per se of Defendant Blake. Plaintiffs also wish to drop the negligent entrustment and family purpose doctrine claims contained in their first amended complaint.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when the time for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Defendants object to the proposed amendment, which means Plaintiffs must obtain

leave of Court to amend their complaint. Rule 15 instructs the Court to "freely give leave when justice so requires." Id. However, leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). A trial court may choose not to allow a party to amend "when the amendment would prejudice the [other party], follows undue delays, or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Defendants contend that the proposed amendment is futile. They also object to certain statements contained in the proposed second amended complaint as being irrelevant, immaterial, and scandalous.

Upon review of the proposed second amended complaint, the Court agrees with Plaintiffs that Defendants' objections to the amendment are better dealt with on summary judgment. As for the statements relating to Defendant Bennett, whether or not a jury ultimately hears that information is something that will be decided prior to trial in connection with a motion in limine. The Motion to Amend is granted.

## II.   Motion for Summary Judgment

Defendant Bennett argues that he is entitled to summary judgment on the negligent entrustment and family purpose doctrine claims contained in Plaintiffs' first amended complaint. Plaintiffs agree in their response that Defendant Bennett is not liable for negligent entrustment and that the family purpose doctrine does not apply to this case. However, as the second amended complaint now controls the case, and

it does not contain either the negligent entrustment claim or the family purpose doctrine claim, the summary judgment motion is moot.

### III. Conclusion

Plaintiffs' Motion to Amend Complaint (Doc. 46) is granted. The Clerk of Court is directed to file the second amended complaint. Defendant Bennett's Motion for Summary Judgment (Doc. 44) is denied as moot.

The Court recognizes that the deadline for filing dispositive motions has passed. In light of the amendment to the complaint, the Court believes it appropriate to re-set the dispositive motion deadline. The parties will now have until May 25, 2012 to file any dispositive motions.[1] It does not appear necessary to re-open discovery, but if any party believes it is in fact necessary, the Court will entertain a motion to that effect.

**SO ORDERED**, this the 30th day of April, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] State Farm, who provided uninsured motorist coverage to Plaintiff Barbara Anderson, has already filed a motion for partial summary judgment. (Doc. 56). The rulings in this Order do not affect State Farm's motion.