# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BARBARA ANDERSON and SCOTT ANDERSON,** Plaintiffs, v. **MICHELLE ROSE BLAKE and BRANDON M. BENNETT,** Defendants. | Civil Action 7:11-CV-42 (HL) |

## ORDER

This case is before the Court on State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment (Doc. 56) and Plaintiffs' Motion for Leave to File Surreply to Defendant's Reply Brief (Doc. 67). For the reasons discussed herein, State Farm's Motion for Partial Summary Judgment is granted, in part, and denied, in part. Plaintiffs' Motion for Leave is granted.

Plaintiffs live in Minnesota. Defendants live in Georgia. On July 18, 2009, Plaintiff Barbara Anderson was a passenger in a vehicle traveling westbound on Georgia Highway 122. Defendant Michelle Blake was operating a vehicle owned by Defendant Brandon Bennett. Blake's vehicle was traveling behind the vehicle occupied by Barbara Anderson. Plaintiffs allege Defendant Blake passed the vehicle occupied by Barbara Anderson as the vehicle made a left turn, causing the vehicle driven by Defendant Blake to strike the vehicle occupied by Barbara Anderson.

Barbara Anderson alleges personal injuries as a result of the accident. The vehicle owned by Defendant Bennett and operated by Defendant Blake was insured by Progressive. Two Progressive policies, policy numbers 195904857-5 and 72075823-0, provide $75,000 in liability coverage. Other settlements have reduced the amount available under the Progressive policies to $61,000.

The vehicle in which Barbara Anderson was a passenger is insured by USAA, policy number 015213192U71086. The USAA policy provides $100,000 in uninsured motorist coverage.

State Farm insures Plaintiffs under three policies. All three policies were issued in Minnesota. The first is a motor vehicle insurance policy, policy number 355-8316-A20-23H, which provides uninsured motorist coverage with policy limits of $250,000 per person. The second is a motor vehicle insurance policy, policy number 355-8317-B04-23G, which provides uninsured motorist coverage with policy limits of $250,000 per person. The third is a personal liability umbrella policy, policy number 23-KY-4802-4, which provides coverage of $1,000,000 and includes an uninsured motorist endorsement.

State Farm has moved for summary judgment on four issues: (1) Plaintiffs' punitive damages claim against State Farm; (2) Whether State Farm is entitled to a setoff of no-fault benefits paid on behalf of Barbara Anderson; (3) Whether the State Farm motor vehicle policies can be stacked; and (4) Determining the priority of the multiple policies at issue in this case. Plaintiffs and USAA have filed separate

responses. Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." Brown v. Sec'y of State of Fla., 668 F.3d 1271, 1274 (11th Cir. 2012) (citation and internal quotations omitted).

I.  ANALYSIS

### A. Punitive Damages

State Farm argues that Plaintiffs are not entitled to recover punitive damages from State Farm as an uninsured motorist carrier. Plaintiffs agree that they are not entitled to recover punitive damages against State Farm. Thus, State Farm is entitled to summary judgment on that issue.

### B. Setoff or Subrogation of No-fault Benefits

State Farm contends that it is entitled to a setoff against Plaintiffs for no-fault benefits paid to or on behalf of Barbara Anderson. Plaintiffs contend State Farm is entitled to subrogation against the Defendants, but believe a ruling on this issue at this time is premature. The Court agrees with Plaintiffs that now is not the appropriate time to make this determination. State Farm would only be entitled to a setoff or subrogation if Plaintiffs are fully compensated for their injuries. In the Court's opinion, it is better to wait and see if the Plaintiffs are fully compensated after the trial of this case than to make an advisory opinion now as to any setoff or subrogation. If after trial State Farm believes it is entitled to a setoff or subrogation, it

can file a motion to that effect, or perhaps the parties can reach a post-verdict settlement on this issue. The Court denies State Farm's request for summary judgment on this matter.

### C.  Stacking of State Farm's Policies

State Farm contends that the two motor vehicle policies issued to Plaintiffs, both of which provide uninsured motorist coverage, cannot be stacked. It argues that coverage is available under only one of the State Farm motor vehicle insurance policies.

Plaintiffs concede that they would be entitled to recover under only one State Farm motor vehicle policy. Plaintiffs agree with State Farm that policy number 355-8316-A20-23H provides $250,000 in uninsured motorist coverage to Plaintiffs, but policy number 355-8317-B04-23G provides no coverage.

State Farm is entitled to summary judgment on this issue.

### D.  Priority of Insurance Policies

The final question before the Court is the priority of the uninsured motorist coverage as between the competing policies from different states. State Farm and USAA dispute whether the Court should apply Minnesota law or Georgia law to resolve this issue. None of the policies provided to the Court contain a choice of law provision.

State Farm argues that stacking of the insurance policies is governed by Minnesota law. State Farm contends that applying Minnesota law, the policies stack

as follows: the two Progressive policies, the State Farm motor vehicle policy, the USAA policy, and the State Farm umbrella policy.[1]

USAA argues in response that the priority of the policies is governed by Georgia law, as the accident occurred in Georgia. USAA contends that applying Georgia law, the policies stack as follows: the two Progressive policies, the State Farm motor vehicle policy, the State Farm umbrella policy, and the USAA policy.[2]

Normally the Court would now be required to determine whether Georgia or Minnesota law applies to this issue. However, under the circumstances presented in this particular case, such a determination is not required. On December 15, 2011, counsel for State Farm wrote all counsel, including counsel for USAA, to provide State Farm's position on the priority of the insurance policies. Counsel stated that the Progressive policies would pay out first, the State Farm motor vehicle policy second, the USAA policy third, and the State Farm umbrella policy last. State Farm's counsel specifically requested that the other attorneys let him know if they believed his interpretation of the priority of the policies to be incorrect. (Doc. 66, p. 8). State Farm's counsel sent a second letter specifically to counsel for USAA on February 9, 2012, stating "[a]fter you have had a chance to review the policies please let me know if you and your adjuster agree with our position regarding the priority of

---

[1] A strict application of the Minnesota no-fault statute would actually result in the State Farm motor vehicle policy coming after the USAA policy. However, a State Farm claims representative mistakenly agreed that the State Farm motor vehicle policy had priority over the USAA policy, and State Farm has decided to honor the position asserted by its claims representative and place the State Farm motor vehicle policy ahead of the USAA policy.

coverage in this case." (Doc. 66, p. 10). USAA did not respond to either letter and assert its position that the State Farm umbrella policy had priority over the USAA policy.

State Farm argues that USAA has made an admission by silence by not responding to the position asserted by State Farm regarding the priority of the policies in this case. The Federal Rules of Evidence recognize that silence can be an admission. Under Rule 801(d), a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . is one the party manifested that it adopted or believed to be true." Fed.R.Evid. 801(d)(2)(B). In the context of letters, it has been held that "the mere failure to respond to a letter does not indicate an adoption unless it was reasonable under the circumstances for the sender to expect the recipient to respond and to correct erroneous assertions." S. Stone Co., Inc. v. Singer, 665 F.2d 698, 702-03 (5th Cir. 1982). The letters sent by State Farm contain clear assertions about its position on the priority of the policies. The correspondence was made "under circumstances which reasonably called for a reply." Hellenic Lines Ltd. v. Gulf Oil Corp., 340 F.2d 398, 402 (2d Cir. 1965). Thus, a failure to reply may be found to be an admission by silence. Id.; Singer, 665 F.2d at 702-03. USAA received at least the first letter from State Farm regarding the priority issue because it requested copies of State Farm's policies in response. In the Court's opinion, the letter reasonably called for some response from USAA if it believed the statements to be

---

[2] Plaintiffs do not have an opinion on how the policies should be stacked.

untrue. The Court finds that the letter is an adoptive admission by a party-opponent under Rule 801(d)(2)(B), and therefore, USAA has admitted by its silence that the policies stack as follows: the Progressive policies, the State Farm motor vehicle policy, the USAA policy, and the State Farm umbrella policy. Of course, depending on what the jury decides at trial in October, the stacking priority may not be an issue. State Farm is entitled to summary judgment on this issue to the extent that the policies will be stacked as outlined above.

## II.   CONCLUSION

For the reasons addressed above, State Farm's Motion for Partial Summary Judgment (Doc. 56) is granted, in part, and denied, in part. Plaintiffs' Motion for Leave (Doc. 67) is granted.

This case will be scheduled for trial during the October 2012 term of court, which will begin on October 1, 2012 in Valdosta, Georgia. A pretrial conference will be held on September 18, 2012 in Valdosta. Additional information about the pretrial conference will be provided to the parties and counsel in late August.

**SO ORDERED**, this the 25th day of June, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh