IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BARBARA ANDERSON and
SCOTT ANDERSON,

      Plaintiffs,

v.

MICHELLE ROSE BLAKE and
BRANDON M. BENNETT,

      Defendants.

Civil Action 7:11-CV-42 (HL)

**ORDER**

This case is before the Court on USAA's Motion for Reconsideration (Doc. 69).

On June 25, 2012, the Court entered an order granting State Farm's Motion for Partial Summary Judgment in part, and denying it in part. At issue in the pending motion for reconsideration is the Court's ruling that USAA has admitted by its silence that the insurance policies stack as follows: the Progressive policies, the State Farm motor vehicle policy, the USAA policy, and the State Farm umbrella policy.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Instead, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct

clear error or manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

USAA contends that the Court has made a clear error that needs to be corrected.[1] The Court disagrees that it made a clear error in deciding this issue.

USAA is correct that the failure to respond to a letter does not automatically equate to the adoption or acceptance of anything contained in the letter. However, the law is clear that failure to respond to a letter can indicate an adoption if it "was reasonable under the circumstances for the sender to expect the recipient to respond and correct erroneous assertions." S. Stone Co., Inc. v. Singer, 665 F.2d 698, 702-03 (5th Cir. 1982). USAA has presented no argument to sway the Court from its previous finding that the letters sent by State Farm were done "under circumstances which reasonably called for a reply." Hellenic Lines Ltd. v. Gulf Oil Corp., 340 F.2d 398, 402 (2d Cir. 1965). Perhaps if State Farm had inquired only once about USAA's position on the stacking issue, USAA's argument might have merit. However, USAA ignored two separate missives from State Farm on the issue - missives which clearly sought a response from USAA. The Court continues to believe the letters reasonably called for some response from USAA if it believed the statements to be untrue.

---

[1] USAA's argument that the Court's rules prevented it from addressing this issue is without merit. The Court's rules clearly allow for the filing of a sur-reply. See M.D. Ga. L.R. 7.3.1.

One other argument made by USAA in its motion merits discussion. USAA states that allowing a letter from opposing counsel to be used to establish an admission is "bad policy" and "could lead to any number of absurd results." However, this ruling is limited to the particular circumstances presented in this case. The Court is in no way establishing a rule that any matter contained in a letter from one party's counsel to the other party's counsel that is not responded to is automatically admitted. The law is clear that the contents of a letter are fair game for Federal Rule of Evidence 801, and the Court believes that rule is applicable under the specific circumstances of this case.

Again, as the Court noted in its previous order, depending on what the jury decides at trial in October, the stacking priority may not be an issue. Nevertheless, for purposes of this case until it is resolved either by a trial or a settlement, the insurance policies will stack as outlined in the June 25, 2012 order. USAA's Motion for Reconsideration (Doc. 69) is denied.

A pretrial conference will be held on October 2, 2012 in Valdosta. Jury selection will take place on October 22, 2012.

**SO ORDERED**, this the 27th day of July, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh